IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10532
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ANTHONY DARRELL MARTIN,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94CR00149
- - - - - - - - - -
April 18, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Darrell Martin appeals from his sentence following a guilty plea for money laundering, in violation of 18 U.S.C. § 1956(a)(1). Martin argues that the disparity in the penalty provisions and sentencing guidelines applicable to crack cocaine and cocaine powder violates his equal protection and due process rights. Martin argues that the district court erred in considering the guidelines for cocaine base under U.S.S.G.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§ 2D1.1 because he never possessed or distributed crack cocaine and his "attempt" to do so was never fulfilled.

The argument that the disparate sentencing provisions for crack cocaine and cocaine powder in the sentencing guidelines violate the Equal Protection and Due Process Clauses has been rejected. *See United States v. Galloway*, 951 F.2d 64, 65-66 (5th Cir. 1992). In the factual resume supporting the guilty plea, Martin stipulated to negotiating a drug transaction involving two kilograms of crack cocaine. Under § 1B1.2(a), which provides in part that in the case of a plea agreement containing a stipulation that specifically establishes a more serious offense than the offense of conviction, the offense guideline is determined based on the section in Chapter Two most applicable to the stipulated offense. The district court did not err in sentencing Martin under § 2D1.1, the applicable provision for the stipulated drug trafficking offense.

AFFIRMED.